**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JEFFERSON CUENCA CANO,<br><br>*Petitioner*,<br><br>v.<br><br>WARDEN OF MOSHANNON VALLEY PROCESSING CENTER,<br><br>*Respondent*. | ) | Case No. 3:26-cv-00986<br><br>District Judge Stephanie L. Haines |

## MEMORANDUM OPINION

Jefferson Cuenca Cano ("Petitioner") is an immigration detainee currently held at the Moshannon Valley Processing Center in Phillipsburg, Pennsylvania. Petitioner filed a pro se Petition for Writ of Habeas Corpus, challenging his detention on several grounds. ECF No. 1. He contends that he is unlawfully subject to mandatory detention under 8 U.S.C. § 1225(b), that his removal is not significantly likely in the reasonably foreseeable future, and that his detention has become unreasonably prolonged. *Id.* For the reasons that follow, the Petition will be **DENIED**.

## I. BACKGROUND

Petitioner is a national and citizen of Ecuador. ECF No. 4, p. 1; *see* ECF No. 1, p. 5; *see also* ECF No. 4-1, p. 2. He entered the United States without inspection on April 14, 2024. *Cuenca Cano v Blanche*, No. 3:26-cv-00684-SLH (W.D. Pa. Apr. 14, 2026), ECF No. 1, ¶ 2. On the same day, he was paroled into the United States and released on his own recognizance. *Id.* On February 14, 2026, Petitioner reported to Immigration and Customs Enforcement ("ICE") for a scheduled check-in appointment and was detained. *Id.* at ECF No. 1, ¶ 5.

On April 14, 2026, Petitioner filed his first habeas petition, and this Court ordered Respondents to provide him an individualized bond hearing under Section 1226(a). *Id.* at ECF Nos. 1 & 8. On April 24, 2026, an immigration judge ("IJ") ordered Petitioner removed to Ecuador. ECF No. 4-1. Petitioner reserved his right to appeal and any appeal was due by May 27, 2026. *Id.* The Court-ordered bond hearing was held on May 22, 2026, after which the IJ denied bond because Petitioner failed to establish that he was not a flight risk. ECF No. 4-2. On May 27, 2026, Petitioner filed a second Petition for Writ of Habeas Corpus and Respondent filed a motion to dismiss the petition, which has been fully briefed. ECF Nos. 1, 4, 5, 6.

## II. DISCUSSION

Petitioner principally argues that his detention is unlawful and violates his due process rights. ECF No. 1, p. 6. Respondent counters that Petitioner's order of removal became final on May 27, 2026 and he is thus subject to mandatory detention under 8 U.S.C. § 1231(a). ECF No. 4, pp. 2-3. Respondent further argues that Petitioner's post-final order detention remains lawful under Section 1231 and *Zadvydas v. Davis*, 533 U.S. 678 (2001). *Id.* at p. 4.

### A. Petitioner's pre-final order detention.

Petitioner alleges he is detained pursuant to 8 U.S.C. § 1225(b). Consistent with its reasoning in *Calzado Diaz v. Noem*, however, the Court concluded in his first habeas action that Petitioner's pre-final order detention was governed by Section 1226(a), not Section 1225(b). *See* No. 3:25-cv-458, 2025 WL 3628480 (W.D. Pa. Dec. 15, 2025), *vacated as moot*, ECF No. 22 (Dec. 17, 2025) ("[T]he Court stresses that the general legal conclusions in the Court's Opinion at ECF No. 16 regarding the application of §§ 1225 and 1226 remain unchanged by this

Memorandum Order."). But regardless of which statute governed his initial detention, he is no longer detained under either Section 1225 or Section 1226.

Here, the IJ ordered Petitioner removed to Ecuador on April 24, 2026, and Petitioner reserved his right to appeal that order, with a filing deadline of May 27, 2026. Petitioner did not file an appeal by that May 27 deadline. Accordingly, the order of removal became administratively final upon the expiration of the appeal filing deadline.[1] *See* 8 C.F.R. § 1241.1(c). Because he is no longer detained under the pre-final order authority challenged in the Petition, the Court can no longer grant effective relief from that earlier custody. Any due process violations Petitioner suffered before his removal order became final would not alter the independent statutory authority governing his present post-final order detention. Accordingly, Petitioner's challenge to his pre-final order detention will be **DISMISSED** as moot.

**B. Petitioner's present detention under Section 1231.**

Under federal law, when a removal order becomes final, ICE has 90 days in which to remove a noncitizen from the United States and must detain the noncitizen during this period. *See* 8 U.S.C. §§ 1231(a)(1), (a)(2)(A). After this period expires, however, continued detention is authorized only for so long as reasonably necessary to accomplish removal, with six months being recognized as a presumptively reasonable period. *Zadvydas*, 533 U.S. at 699-701.

[1] Petitioner stated in his first habeas action that he timely filed an asylum application on January 27, 2025. *See Cuenca Cano*, No. 3:26-cv-684-SLH, ECF No. 1, ¶ 2. The record before the Court does not disclose the disposition of that application. The IJ's April 24, 2026 removal order, however, states that Petitioner "has made no application(s) for relief from removal under 8 C.F.R. § 1240.11," ECF No. 4-1, and the record reflects that Petitioner did not appeal the removal order to the Board of Immigration Appeals, ECF No. 4-3. Nothing presently before the Court therefore establishes that the earlier asylum filing prevented the removal order from becoming administratively final.

Here, Petitioner's removal order became final on May 27, 2026, and the 90-day mandatory detention period has expired. He is presently detained pursuant to Section 1231(a)(6). Petitioner has not, however, been detained for six months following the entry of his final removal order. The Court declines to adopt the approach taken by other District Courts that would permit *Zadvydas* claims to be raised prior to the expiration of six months of post-removal detention, as that position seemingly nullifies the six-month presumption adopted by the Supreme Court. *See Talebinejad v. Otto*, No. 3:25-cv-329, 2026 WL 21537, at *1 n.1 (W.D. Pa. Jan. 5, 2026). Accordingly, to the extent the Petition may be construed to challenge Petitioner's detention under Section 1231, that claim will be **DENIED** without prejudice to a later challenge should his post-final order detention extend beyond the presumptively reasonable period recognized in *Zadvydas*.

## III. CONCLUSION

For the reasons set forth herein, Petitioner's challenge to his pre-final order detention under 8 U.S.C. §§ 1225 or 1226 will be **DISMISSED** as moot. To the extent the Petition may be construed to challenge his current detention under 8 U.S.C. § 1231, the Petition will be **DENIED** without prejudice. An appropriate Order follows.

## ORDER

**AND NOW** this 4th day of September, 2026, for the reasons stated in the Memorandum Opinion, it is hereby ORDERED that:

1. To the extent the Petition for Writ of Habeas Corpus, ECF No. 1, challenges Petitioner's pre-final order detention under 8 U.S.C. §§ 1225 or 1226, the Petition is **DISMISSED** as moot.

2. To the extent the Petition may be construed to challenge Petitioner's present detention under 8 U.S.C. § 1231, the Petition is **DENIED** without prejudice.

3. Respondent's motion to dismiss, ECF No. 4, is **DISMISSED** as moot.

4. With no further action required by the Court at this time, the Clerk of Court shall mark this matter closed.

Stephanie L. Haines
United States District Judge

Cc/ECF: all counsel of record